

**United States District Court**
Eastern District of Washington
Office of the Clerk



JAMES R. LARSEN
District Court Executive / Clerk of Court

May 21, 2008

CR - 08   00360   JF  PVT

Clerk of the Court
United States District Court
Northern District of California
Phillip Burton United States Courthouse, 16th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    Genaro Medina-Quintero CR-07-0078-LRS
             Consent to Transfer Case for Plea and Sentence (Under Rule 20)

Dear Clerk,

Enclosed is a certified copy of the Consent to Transfer Case for Plea and Sentence Under Rule 20 and the original signed Plea Agreement from your district, together with an original Notice of Transfer signed by our Deputy US Attorney, Earl A. Hicks. I am also enclosing a certified copy of our docket sheet and two (2) certified copies of the Indictment.

If you need further information, please contact me at 509-376-7262.

Thank you for your assistance in this matter.

JAMES R. LARSEN, CLERK

*Cora Vargas*

By: Cora Vargas, Deputy Clerk

enclosures

Case 2:07-cr-00078-LRS   Document 1   Filed 05/08/2007

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 08 2007

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

1  James A. McDevitt
   United States Attorney
2  Eastern District of Washington
   Earl A. Hicks
3  Assistant United States Attorney
   Post Office Box 1494
4  Spokane, WA 99210-1494
   Telephone: (509) 353-2767
5

**CR-07-0078-LRS**

6             UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF WASHINGTON
7

8  UNITED STATES OF AMERICA,         )
                                     )
9             Plaintiff,             )      INDICTMENT
                                     )
10     vs.                           )   Vio: 18 U.S.C. § 922(g)(1)
                                     )        Felon In Possession of a
11 GENARO MEDINA-QUINTERO,           )        Firearm (Count 1)
                                     )
12            Defendant.             )        18 U.S.C. § 924(g)(5)(A)
                                     )        Illegal Alien in Possession
13                                   )        of a Firearm (Count 2)
                                     )
14                                   )

15

16    The Grand Jury Charges:

17                         COUNT 1

18    That on or about November 21, 2006, in the Eastern District of Washington,

19 GENARO MEDINA-QUINTERO having previously been convicted of a crime

20 punishable by imprisonment for a term exceeding one year, did knowingly possess

21 in and affecting commerce a firearm, to wit: an Iver Johnson .38 caliber revolver,

22 serial number 6627, which firearm had theretofore been transported in interstate

23 commerce, in violation of 18 U.S.C. § 922(g)(1).

24                         COUNT 2

25    On or about November 21, 2006, in the Eastern District of Washington,

26 GENARO MEDINA-QUINTERO then being an alien illegally and unlawfully in

27 the United States, did knowingly possess in and affecting commerce a firearm, to

28

INDICTMENT - 1

P70420RC.EHA.wpd

Part 1a

ATTEST A True Copy
JAMES R. LARSEN, Clerk
United States District Court
Eastern District of Washington
By_____
        Deputy Clerk

1 | wit: an Iver Johnson .38 caliber revolver, serial number 6627, which firearm had
2 | been shipped in interstate commerce.
3 |     All in violation of 18 U.S.C. § 922(g)(5)(A) and 18 U.S.C. § 924(a)(2).
4 |
5 |     DATED this ___8___ day of May, 2007.
6 |                                      A TRUE BILL

[signature]

James A. McDevitt
United States Attorney

[signature]

Earl A. Hicks
Assistant United States Attorney

INDICTMENT - 2

P70420RC.EHA.wpd

Case 2:07-cr-00078-LRS    Document 1    Filed 05/08/2007

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 08 2007

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

1  James A. McDevitt
   United States Attorney
2  Eastern District of Washington
   Earl A. Hicks
3  Assistant United States Attorney
   Post Office Box 1494
4  Spokane, WA 99210-1494
   Telephone: (509) 353-2767
5

**CR-07-0078-LRS**

6           UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF WASHINGTON
7

8  UNITED STATES OF AMERICA,            )
                                        )
9           Plaintiff,                  )       INDICTMENT
                                        )
10          vs.                         )   Vio:  18 U.S.C. § 922(g)(1)
                                        )        Felon In Possession of a
11 GENARO MEDINA-QUINTERO,              )        Firearm (Count 1)
                                        )
12          Defendant.                  )        18 U.S.C. § 924(g)(5)(A)
                                        )        Illegal Alien in Possession
13                                      )        of a Firearm (Count 2)
                                        )
14                                      )

15

16   The Grand Jury Charges:

17                        COUNT 1

18   That on or about November 21, 2006, in the Eastern District of Washington,

19   GENARO MEDINA-QUINTERO having previously been convicted of a crime

20   punishable by imprisonment for a term exceeding one year, did knowingly possess

21   in and affecting commerce a firearm, to wit: an Iver Johnson .38 caliber revolver,

22   serial number 6627, which firearm had theretofore been transported in interstate

23   commerce, in violation of 18 U.S.C. § 922(g)(1).

24                        COUNT 2

25   On or about November 21, 2006, in the Eastern District of Washington,

26   GENARO MEDINA-QUINTERO then being an alien illegally and unlawfully in

27   the United States, did knowingly possess in and affecting commerce a firearm, to

28
INDICTMENT - 1

P70420RC.EHA.wpd

ATTEST A True Copy
JAMES R. LARSEN, Clerk
United States District Court
Eastern District of Washington
By_____
        Deputy Clerk

1  wit: an Iver Johnson .38 caliber revolver, serial number 6627, which firearm had
2  been shipped in interstate commerce.
3      All in violation of 18 U.S.C. § 922(g)(5)(A) and 18 U.S.C. § 924(a)(2).
4
5      DATED this ___9___ day of May, 2007.
6                                          A TRUE BILL
7
8
9      _____
10     James A. McDevitt
       United States Attorney
11
12     _____
       Earl A. Hicks
13     Assistant United States Attorney
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

INDICTMENT - 2

P70420RC.EHA.wpd

# United States District Court
# Northern District of California

## DOCUMENT LOCATOR

**CASE NUMBER**  CR-08-00360-JF

**DATE FILED**  5-27-08

**DOCUMENT NUMBER**  Part 1-b

Reporter's Transcript  _____

Trial Exhibits  _____

Lodged Documents  _____

Sealed Documents  ✓

CJA Financial Documents  _____

Judgment and Commitment  _____

Other  _____

**LOCATION**

Expando File
(Located next to case file)  _____

Overflow Shelf  _____

Sealed Room  ✓

Financial File (Vault)  _____

Volume 1 (Top)  _____

Other  _____

CLOSED, TRANSFERRED

# Eastern District of Washington
## U.S. District Court (Spokane)
### CRIMINAL DOCKET FOR CASE #: 2:07-cr-00078-LRS-1

Case title: USA v. Medina-Quintero

Date Filed: 05/08/2007
Date Terminated: 05/19/2008

Assigned to: Judge Lonny R. Suko

### Defendant (1)

**Genaro Medina-Quintero**
*TERMINATED: 05/19/2008*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:922(g)(1) FELON IN POSSESSION OF A FIREARM (1) | Transferred to the Northern District of California for Plea and Sentence |
| 18:924(g)(5)(A) ILLEGAL ALIEN IN POSSESSION OF A FIREARM (2) | Transferred to the Northern District of California for Plea and Sentence |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

**USA**

ATTEST A True Copy
JAMES R. LARSEN, Clerk
United States District Court
Eastern District of Washington
By _____ 
Deputy Clerk

represented by **Earl Allan Hicks**
U S Attorney's Office - SPO
920 W Riverside Suite 300

(Part 2)

P O Box 1494
Spokane, WA 99210-1494
509-353-2767
Fax: 4623866
Email: USAWAE.EHicksECF@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/08/2007 | 1 | INDICTMENT as to Genaro Medina-Quintero (1) count(s) 1, 2. (VR, Case Administrator) (Entered: 05/09/2007) |
| 05/08/2007 | 3 | Penalty Slip as to Genaro Medina-Quintero (VR, Case Administrator) (Entered: 05/09/2007) |
| 05/19/2008 | 5 | CONSENT TO TRANSFER JURISDICTION (Rule 20) to Northern District of California; Counts closed as to Genaro Medina-Quintero: 1 and 2. (Attachments: #(1) Transfer Notice, #(2) Plea Agreement from Northern District of California) (CV, Case Administrator) (Entered: 05/20/2008) |
| 05/21/2008 | 6 | Letter from Cora Vargas, Deputy Clerk, to US District Court Clerk for the Northern District of California, dated 5/21/08 re: Consent to Transfer of Case for Plea and Sentence (Rule 20) as to Genaro Medina-Quintero (CV, Case Administrator) (Entered: 05/21/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/22/2008 08:25:12 | | | |
| **PACER Login:** | us4516 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:07-cr-00078-LRS |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

1  JOSEPH P. RUSSONIELLO (CASBN 44332)
   United States Attorney
2
   BRIAN J. STRETCH (CASBN 163973)
3  Chief, Criminal Division

4  SUSAN KNIGHT (CASBN 209013)
   Assistant United States Attorney
5
       150 Almaden Blvd., Suite 900
6      San Jose, California 95113
       Telephone: (408) 535-5056
7      Facsimile: (408) 535-5066
       E-Mail: Susan.Knight@usdoj.gov
8
9  Attorneys for Plaintiff

10
                    UNITED STATES DISTRICT COURT
11
                   NORTHERN DISTRICT OF CALIFORNIA
12
                          SAN JOSE DIVISION
13

14 UNITED STATES OF AMERICA,

15         Plaintiff,

16     v.                                    )
                                             )  PLEA AGREEMENT
17 GENARO MEDINA-QUINTERO,                   )
                                             )
18                                           )
           Defendant.                        )
19                                           )

20      I, Genaro Medina-Quintero, and the United States Attorney's Offices for the Eastern

21 District of Washington and Northern District of California (hereafter "the government") enter

22 into this written plea agreement (the "Agreement") pursuant to Rules 11(c)(1)(A) and 11(c)(1)(B)

23 of the Federal Rules of Criminal Procedure:

24 The Defendant's Promises

25      1.   I agree to plead guilty to count one of the captioned indictment charging me with

26 felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). I agree that the elements of

27 the offense are as follows: (1) I knowingly possessed a firearm, specifically, an Iver Johnson .38

28 caliber revolver, serial number 6627; (2) the firearm had been shipped and transported in

PLEA AGREEMENT
CR _____

ORIGINAL

Part 3- limited Access

1 | interstate commerce; and (3) I had previously been convicted of a crime punishable by imprisonment for a term exceeding one year prior to my possessing the above-referenced firearm. I agree that the maximum penalties are as follows:

|   |    |                                  |           |
|---|----|----------------------------------|-----------|
| a.| Maximum prison sentence          | 10 years  |
| b.| Maximum fine                     | $250,000  |
| c.| Maximum supervised release term  | 3 years   |
| d.| Maximum special assessment       | $100      |
| e.| Other consequences               | Deportation |

2. I agree that I am guilty of the offense to which I will plead guilty, and I agree that the following facts are true: On [OR ABOUT NPK CAM] November 21, 2006, I possessed an Iver Johnson, .38 caliber revolver, bearing serial number 6627, at my residence in Wenatchee, Washington. It is my understanding that the gun was manufactured in Massachusetts. At the time I possessed the gun, I had been convicted of a crime punishable by at term of imprisonment exceeding one year. Specifically, on November 9, 1993, I was convicted of delivery of a controlled substance in Jackson County Circuit Court, in Oregon (document number 93-3279BC3).

3. I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a jury trial with the assistance of an attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the government and to future DNA testing of physical evidence in the government's possession; and to pursue any affirmative defenses and present evidence.

4. I agree to give up my right to appeal my conviction, the judgment, and orders of the Court. I also agree to waive any right I may have to appeal any aspect of my sentence, including any orders relating to forfeiture and/or restitution.

5. I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any time in the future after I am sentenced, except for a claim that my constitutional right to the

PLEA AGREEMENT
CR_____                                    2

1  effective assistance of counsel was violated.

2  6.  I agree not to ask the Court to withdraw my guilty plea at any time after it is
3  entered.

4  7.  I agree that the Court will calculate my sentencing range under the Sentencing
5  Guidelines. I understand that the Court, while not bound to apply the Guidelines, must consult
6  those Guidelines and take them into account when sentencing, together with the factors set forth
7  in 18 U.S.C. § 3553(a). I agree that regardless of the sentence that the Court imposes on me, I
8  will not be entitled, nor will I ask, to withdraw my guilty plea. I also agree that the Sentencing
9  Guidelines range will be calculated as follows and that I will not ask for any other adjustment to
10 or reduction in the offense level or for a downward departure from the Guidelines range:

11        a.  Base Offense Level:                           20
              (U.S.S.G. § 2K2.1(a)(4)(A) - Felon
12            in Possession of a Firearm):

13        b.  Specific offense characteristics:             + 2
              (U.S.S.G. § 2K2.1(b)(4) - Stolen
14            Firearm)

15        c.  Acceptance of Responsibility:                 - 3
              If I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a
16            three-level reduction for acceptance of responsibility, provided that I
              forthrightly admit my guilt, cooperate with the Court and the Probation
17            Office in any presentence investigation ordered by the Court, and continue
              to manifest an acceptance of responsibility through and including the time
18            of sentencing:

19        d.  Adjusted offense level:                       19

20  8.  I agree that a sentence within the applicable Guideline range is reasonable
21  and that I will not seek a sentence below the applicable Guideline range. I agree that, regardless
22  of any other provision in this Agreement, the government may and will provide to the Court and
23  the Probation Office all information relevant to the charged offense or the sentencing decision. I
24  also agree that the Court is not bound by the Sentencing Guidelines calculations above, the Court
25  may conclude that a higher guideline range applies to me, and, if it does, I will not be entitled,
26  nor will I ask, to withdraw my guilty plea.

27  9.  I agree that I will make a good faith effort to pay any fine, forfeiture, or
28  restitution I am ordered to pay. Before or after sentencing, I will, upon request of the Court, the

PLEA AGREEMENT
CR _____                                3

1  government, or the U.S. Probation Office, provide accurate and complete financial information,
2  submit sworn statements and give depositions under oath concerning my assets and my ability to
3  pay, surrender assets I obtained as a result of my crimes, and release funds and property under my
4  control in order to pay any fine, forfeiture, or restitution. I agree to pay the special assessment at
5  the time of sentencing.

6      10.    I agree not to commit or attempt to commit any crimes before sentence is
7  imposed or before I surrender to serve my sentence. I also agree not to violate the terms of my
8  pretrial release (if any); not to intentionally provide false information to the Court, the Probation
9  Office, Pretrial Services, or the government; and not to fail to comply with any of the other
10 promises I have made in this Agreement. I agree that, if I fail to comply with any promises I
11 have made in this Agreement, then the government will be released from all of its promises in
12 this Agreement, including those set forth in paragraphs 13 through 15 below, but I will not be
13 released from my guilty plea.

14     11.    I agree to forfeit my interest in the following property (hereinafter
15 "subject property"): an Iver Johnson, .38 caliber revolver, serial number 6627.

> I agree to abandon any interest I may have in the Ivan Johnson, .38 caliber revolver, serial number 6627. I admit that I am the sole owner of said firearm, and that I possessed said firearm in violation of Title 18, United States Code, Section 922(g), as alleged in the Indictment, and thus it is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d). I relinquish any and all right, title and interest I may have in said firearm, and agree that such right, title and interest can be forfeited to the United States without further notice to me. I also agree I will not contest any administrative or judicial forfeiture proceeding (whether criminal or civil, state of federal) which may be brought against said firearm, nor will I assist any other individual in any effort to falsely contest its forfeiture. I further waive any and all claims, in any claim based on the expiration of the applicable statute of limitations, against the commencement of forfeiture of the subject firearms.

    12.    I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future.

    13.    I agree that this Agreement binds the U.S. Attorney's Offices for the Eastern District of Washington and the Northern District of California only, and does not bind any other federal, state, or local agency.

//

PLEA AGREEMENT
CR _____                    4

The Government's Promises

14. The government agrees to move to dismiss any open charges pending against the defendant in the captioned indictment at the time of sentencing.

15. The government agrees not to file any additional charges against the defendant that could be filed as a result of the investigation that led to the captioned indictment.

16. The government agrees to recommend the Guidelines calculations set out above.

17. The government agrees to recommend that the sentence imposed in this case run concurrently to the sentence imposed in CR 05-00078 JW.

The Defendant's Affirmations

18. I confirm that I have had adequate time to discuss this case, the evidence, and this Agreement with my attorney, and that he has provided me with all the legal advice that I requested.

19. I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine.

20. I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this Agreement.

//
//
//
//
//
//
//
//
//

PLEA AGREEMENT
CR _____                                                5

21. I confirm that I read this entire plea agreement with the assistance of an interpreter and in the presence of my attorney.

Dated: 4-11-08

*Genaro Medina*
GENARO MEDINA-QUINTERO
Defendant

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: 4/23/08

SUSAN KNIGHT
Assistant United States Attorney

I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement. In my opinion, my client understands all the terms of this Agreement and all the rights he is giving up by pleading guilty, and, based on the information now known to me, his decision to plead guilty is knowing and voluntary.

Dated: 04/11/08

NICHOLAS P. HUMY
Assistant Federal Public Defender

PLEA AGREEMENT
CR _____                                      6

INTERPRETER CERTIFICATION

I, LUPITA ARCE, hereby certify that I am a certified SPANISH [language] interpreter and that I accurately translated this plea agreement to the defendant, ~~he told me that he understood it, and I believe his answer was true and correct.~~

Dated: 4/11/08

Lupita Arce
Interpreter's signature

PLEA AGREEMENT
CR _____                                7